IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL C. PIATTI )<br>)<br>    Plaintiff, )<br>) Case No.: 1:05CV02039<br>v. ) Judge: Reggie B. Walton<br>)<br>MILLENNIUM PARTNERS WASHINGTON )<br>PROPERTY MANAGEMENT, L.L.C )<br>)<br>    Defendant. ) | |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
### MILLENNIUM PARTNERS WASHINGTON PROPERTY MANAGEMENT, L.L.C.

COMES NOW Defendant Millennium Partners Washington Property Management, L.L.C., (hereinafter "Defendant" or "Millennium"), by and through counsel, TAYLOR SYLLA & AGIN, LLP, and files the following Answer and affirmative Defenses in response to Plaintiff's Complaint:

### ANSWER

1.  Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 1 of the Complaint and therefore denies all allegations and seeks strict proof at trial.

2.  Admitted in part; denied in part. Defendant admits only that it is the owner and property manager of the premises identified in Plaintiff's Complaint. Defendant denies the remaining allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3.  Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 3 of the Complaint and therefore denies all allegations and seeks strict proof at trial.

4. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 4 of the Complaint and therefore denies all allegation and seeks strict proof come time of trial.

5. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 5 of the Complaint and therefore denies all allegation and seeks strict proof come time of trial.

6. Defendant denies all allegations contained in Paragraph 6 of the Complaint and seeks strict proof at trial.

6. (Second No. 6 Paragraph in Complaint) Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 7 of the Complaint and therefore denies all allegation and seeks strict proof come time of trial.

7. Defendant denies all allegations of negligence contained in Paragraph 7 of the Complaint and demands strict proof at trial. Defendant additionally states that it is without sufficient information or knowledge to admit or deny the remainder of the Plaintiff's allegations contained in Paragraph 7 of the Complaint and therefore denies all allegations and seeks strict proof come time of trial.

8. Defendant denies all allegations of negligence contained in Paragraph 8 of the Complaint and demands strict proof at trial.

9. Defendant denies all allegations of negligence contained in Paragraph 0 of the Complaint and demands strict proof at trial.

10. Paragraph 10 contains no allegations to which this Defendant needs to respond.

11. Defendant denies all allegations of negligence contained in Paragraph 11 of the Complaint and seeks strict proof at trial.

WHEREFORE, the premises considered, Defendant respectfully prays that the Court enter judgment in its favor, that the complaint against Defendant be dismissed with prejudice, and that the Defendant recovers from Plaintiff its costs of the action and such other and further relief as the Court may deem just and proper.

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Venue is improper in this Court.

### THIRD DEFENSE

Plaintiff's claims must fail, in whole or in part, because Defendant did not breach any duty of care owed to Plaintiff.

### FORTH DEFENSE

Plaintiff's claims are barred or diminished by his own sole or contributory negligence, which negligence was the cause of all or part of his own injuries and damages.

### FIFTH DEFENSE

Plaintiff failed to take due and appropriate care in the mitigation of his alleged injuries and damages and his recovery from Defendant is therefore barred in whole or in part.

### SIXTH DEFENSE

Plaintiff's alleged injuries and damages were directly and proximately caused by his own acts and conduct which intervened between Defendant's acts and conduct and Plaintiff's alleged damages, thereby barring Plaintiff from any recovery from Defendant.

**SEVENTH DEFENSE**

Plaintiff's alleged injuries and damages were proximately caused by act(s) of commission or omission of third parties over whom this Defendant exercised no control or right to control, which act(s) intervened between Defendant's acts and Plaintiff's alleged damages, thereby barring Plaintiff from any recovery from Defendant.

**EIGHTH DEFENSE**

Plaintiff's recovery of all or part of his alleged damages is barred by the doctrine of accord and satisfaction.

**NINTH DEFENSE**

Plaintiff's claims are barred because Defendant did not have actual or constructive notice of any allegedly harmful condition that Plaintiff alleges caused his injuries.

**TENTH DEFENSE**

Plaintiff's claims are barred for failure to bring this matter in the appropriate time before the running of the applicable statue of limitations.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred by the doctrine of *laches*.

**TWELFTH DEFENSE**

Plaintiff's claim is barred based on the defense of assumption of the risk.

**THIRTEENTH DEFENSE**

Plaintiff's claim is barred under the applicable state Worker's Compensation Statute.

Defendant reserves the right to assert such other affirmative defenses as discovery in this case discloses a basis therefore.

### JURY DEMAND

Defendant hereby demands that all issues are tried by a jury of the maximum number of available jurors.

_____/S/_____
Jonathan Eric Agin

DATED: October 25th, 2005             Respectfully Submitted,

TAYLOR SYLLA & AGIN, LLP

_____/S/_____
Jonathan Eric Agin, #466256
Jean-Marie Sylla, Jr., #469371
1220 Nineteenth Street, NW
Suite 501
Washington, DC 20036
(202) 689-8990

*Counsel for Defendant Millennium Partners Washington Property Management , L.L.C*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that I caused a copy of the foregoing Defendant's Answer and Affirmative Defenses to be served via first class mail, postage prepaid, and electronically filed this 25th day of October 2005, upon:

  John S. Lopatto, III, Esq.
  803 Gibbon Street
  Alexandria, VA 22314-4115


              _____/S/_____
              Jonathan Eric Agin