UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAUL PIATTI,                                              :
621 SAN VINCENTE BLVD., NO. 309
SANTA MONICA, CALIFORNIA 90402,
    PLAINTIFF
                                                                       1:05CV-02039-RBW

   V.

MILLENNIUM PARTNERS WASHINGTON
PROPERTY MANAGEMENT, L.L.C.,
SERVE:
CT CORPORATION SYSTEM
1015 15TH ST., N.W., SUITE 1000
WASHINGTON, D.C. 20005                                    :

    AND

ROMArch, Inc.
12057 Beltsville Dr.
Beltsville, Maryland 20705,                               :

    DEFENDANTS

### FIRST AMENDED COMPLAINT

Now comes the plaintiff, by counsel, who avers upon personal knowledge as to himself and otherwise upon information and belief, as follows:

  1. Plaintiff Paul C. Piatti is an adult citizen of California.

  2(a).  Defendant Millenium Partners Washington Property Management,

L.L.C. (defendant "Millenium") is an limited liability company that is chartered in the state of Delaware and with principal place of business in the District of Columbia.

2(b). This defendant Millenium at all relevant times was the property manager, or, alternatively, the owner serving as property manager, of tower, residential and commercial condominia known as the Ritz Carlton Condominium and situated at 1111 23r$^d$ St., and, alternatively, 1115 and 1155, 23rd St., N.W., Washington, D.C. The allegations against this defendant Millenium include allegations of negligence against agents and employees acting within the scope of their agency or employment with defendant. Defendant Millenium is responsible and liable for the negligence of any of these agents or employees, under the doctrine of respondeat superior. At all relevant times, this property at the indicated addresses at 23r$^d$ St., N.W., in the District of Columbia was managed or owned by defendant Millenium. Plaintiff Piatti was temporarily staying in the residential condominium on the penthouse one level, identified ast PH1K, while Piatti worked at business in the District of Columbia.

3. Any duties of safety and habitability residing with defendant Millenium are not subject to delegation.

4. Prior to July 21, 2004, defendant Millenium had announced to

condominium owners and other occupants that a corridor refurbishing project would be conducted in July 2004 at the Ritz Carlton condominium premises. Any announcement by defendant Millenium did not, however, include a warning that slippery placards or other materials would be placed on the marble or coated hallways and walking areas immediately adjacent to elevators on residential floors of defendant's premises.

### Defendant ROMArch, Inc.

5. Defendant ROMArch, Inc. is a corporation doing business in the District of Columbia and upon information and belief, is a citizen for diversity purposes of states, through its principal place of business and state of incorporation, in state or states other than plaintiff's citizenship state of California.

6. Upon attribution by defendant Millenium, defendant ROMArch, Inc. was identified as the party responsible for and therefor liable for injury thereupon, the tile refurbishing performed in 2004 in the corridor wherein plaintiff was injured.

7. At all relevant times and for all purposes of this First Amended Complaint, defendant ROMArch, Inc. was a contractor or sub-contractor of and/or with defendant Millenium working on the refurbishing of the corridor wherein plaintiff was injured, including in the period in 2004 prior to July 21,

2004.

8. On July 21, 2004, at approximately 4:00 p.m., plaintiff Piatti lawfully was within defendant's premises in the District of Columbia when plaintiff stepped out of an elevator on his destination penthouse one level of defendant Millenium's premises. As he stepped out of the elevator as it arrived at the destination floor, plaintiff, without warning or last clear chance to avoid, suddenly encountered placards or other materials negligently placed adjacent to and upon the immediate walkway outside the elevator doors. These placards or other materials were intended by both defendants ROMArch, Inc. and Millenium to protect the floor from mechanical equipment, but the placards or other materials were extremely unstable, unsafe, and slippery for pedestrian traffic.

9. Without contributory negligence and without assumption of risk, plaintiff Piatti was caused to slip and fall upon the negligently positioned placards or other floor covering materials, which were not suitable or safe for pedestrian traffic upon the walkways immediately adjacent to the elevator doors. The placards or other materials constituted a hazard immediately adjacent to the elevators, with trap-door effect for persons stepping out of the elevator. As a proximate and direct result of the slip and fall caused by both defendants' negligence, plaintiff suffered serious bodily injury and damages, all of which are

permanent and continuing.

10. At all relevant times both defendants Millenium and ROMArch, Inc. were each individually, and jointly and severally, under a duty of reasonable care; building code compliance; elevator safety; construction and interior refurbishing safety; habitability; property manager safety, and other standards of care and safety, each and every one of which was violated by the individual and joint and several negligence of defendant Millenium and defendant ROMArch, Inc. pleaded above.

11. Alternatively, defendants each delegated the duties of safety and care pleaded above, to an independent contractor whom defendants closely supervised and controlled with respect to the premises at which plaintiff was injured. Alternatively, this non-party, closely supervised independent contractor negligently positioned the placards or floor covering materials such that they caused plaintiff to fall and suffer injury, but the named defendants are fully liable for this contractor's negligence under the doctrine of respondeat superior.

12. Defendants provided no warning of the walking hazard, and plaintiff Piatti no notice of the walking hazard such that Piatti could avoid or have a last clear chance to avoid, such hazard. Plaintiff was not contributorily negligent.

13. Defendants' individual and joint and several negligence also

constituted an unsafe construction workplace under District of Columbia law, making defendant liable for injury to a non-worker such as plaintiff who encountered the unsafe workplace and suffered personal injury as a proximate result.

Count 1: Premises Negligence

14. Paragraphs 1 through and including 13 are incorporated by negligence.

15. Defendants Millenium and ROMArch, Inc. are individually and jointly and severally liable in negligence to plaintiff, and this plaintiff demands judgment against these defendants, individually and jointly and severally, in the amount of $1 million in compensatory damages, plus costs, owing to plaintiff's incurring bodily injuries, massive medical and hospital bills, multiple surgeries, permanent partial total disabilities of his lower extremities with compensated disabilities of his upper extremities, loss of vocational capacity, plan, suffering and inconvenience, and other damages, all proximately due to defendant's negligence.

<u>Request for Trial by Jury</u>

16. Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

_____/S/_____
John S. Lopatto III, Member Bar U.S. District Court
1725 Eye St., N.W., Suite 300
Washington, D.C. 20006
202-861-5800 (Va. Office: 703-548-8254)
Fax to all offices: 202-861-5802
jlopatto3@aol.com
Attorney for Plaintiff