United States District Court
For the District of Columbia

Paul Piatti,                                           :
621 San Vincente Blvd., No. 309
Santa Monica, California 90402,
    Plaintiff

                                            1:05CV-02039-RBW

    V.

Millennium Partners Washington
Property Management, L.L.C..,
Serve: CT Corporation System
1015 15TH St., N.w., Suite 1000
Washington, D.C. 20005                 :

    and


The Board of Directors of Millennium Square,
a Condominium on Behalf of The Unit Owners Association;
The Residential Association; The Commercial Association;
and All Unit Owners,
Serve: Board Member or Elected Officer
Millenium Square Unit Owners Association
1111 Twenty-third St.,  N.W.
Washington, D.C.  20037
                                                     :

    and

ROMArch, Inc.
12057 Beltsville Dr.
Beltsville, Maryland 20705,
                                                     :

    and

Fausto Romero Guerra, Individually
12507 Beltsville Drive
Beltsville, Maryland 20705,                            :

    Defendants

**SECOND AMENDED COMPLAINT**

-1-

Now comes the plaintiff, by counsel, who avers upon personal knowledge as to himself and otherwise upon information and belief, as follows:

1. Plaintiff Paul C. Piatti is an adult citizen of California.

2. Defendant Millennium Partners Washington Property Management, L.L.C. (defendant "Millennium") is an limited liability company that is chartered in the state of Delaware and has its principal place of business in the District of Columbia.

3(a). This defendant Millennium at all relevant times was the property manager of tower, residential and commercial condominiums known as the Ritz Carlton Condominium or Millennium Square Condominium and situated at 1111 23rd St., and, alternatively, 1115 and 1155, 23rd St., N.W., Washington, D.C. The allegations against this defendant Millennium include allegations of negligence against agents and employees acting within the scope of their agency or employment with this defendant. Defendant Millennium is responsible for and liable for the negligence of any of these agents or employees, under the doctrine of respondeat superior. At all relevant times, this property at the indicated addresses at 23rd St., N.W., in the District of Columbia was exclusively managed by defendant Millennium.

3(b). At all relevant times in March 2004, Plaintiff Piatti was temporarily

staying in the residential condominium on the penthouse one level, identified as PH1K, while Piatti worked at business in the District of Columbia.

4. Any duties of providing safe and habitable common areas that reside with defendant Millennium are not subject to delegation.

5(a). Defendant The Board of Directors of Millennium Square, a Condominium on Behalf of The Unit Owners Association; The Residential Association; The Commercial Association; and All Unit Owners (hereafter this Board and its entities thereunder are collectively referred to as the "Unit Owners Association") is the unit owners' association organized under the D.C. Condominium Act, D.C. Code §42-1903.01 (2001 Ed.), to own and manage the condominium common areas not owned or under the control of individual residential and commercial unit owners. This defendant Unit Owners Association at all relevant times and consistent with the D.C. Condominium Act, owned in fee the common area premises upon which plaintiff was injured. This defendant Unit Owners Association is sued according to D.C. Code §42-1903.09 for negligence in not maintaining a safe common area and for negligent supervision of agents and contractors coming onto to the common areas.

5(b). The defendant Unit Owners Association has its principal place of business in the District of Columbia.

6. As fee owner, this defendant Unit Owner Association had non-delegable duties and responsibilities for maintaining the common areas as safe at all relevant times, and these duties and responsibilities extended to all agents and employees of defendant Unit Owners Association. This defendant Unit Owners Association is responsible and liable for the negligence and torts of any of its agents and employees, all of whom for purposes of this Second Amended Complaint, were acting within the scope of their agency.

7. Pursuant to Contract dated October 1, 2000, defendant Unit Owners Association hired defendant Millennium to manage and take safety responsibility for, inter alia, the condominium common areas upon which plaintiff was injured.

8. Prior to July 21, 2004, defendant Millennium announced to residential condominium owners and other occupants that a corridor refurbishing project would be conducted in July 2004 at the Ritz Carlton residential condominium premises. Any announcement by defendant Millennium did not, however, include a warning that slippery placards or other materials would be placed on the marble or coated hallways and walking areas immediately adjacent to elevators on residential floors of the Ritz Carlton condominium premises. The placards or floor covering materials were, on information and belief, intended to shield the floors from machinery used in the corridor refurbishing project

9. Though defendant Millennium did not so announce its role as general contractor to unit owners and/or residents, defendant Millennium operated as the general contractor for this corridor refurbishing project and hired, and contracted with, all contractors and subcontractors who provided goods or services on the project. In its role as general contractor, defendant Millennium was responsible for each subcontractor having a safety plan for doing corridor refurbishing in an occupied residential high-rise building serviced by elevators. The safety plan included each contractor hired by defendant Millennium to be insured and bonded.

<u>Defendant ROMArch, Inc.</u>

10. Defendant ROMArch, Inc. is a corporation doing business in the District of Columbia and upon information and belief, is a citizen for diversity purposes of states in state or states believed limited to Maryland and other than plaintiff's citizenship state of California.

11. Defendant ROMArch, Inc. is a party responsible for and therefor liable for injury thereupon, the tile refurbishing performed in 2004 in the corridor and floor wherein plaintiff was injured. Defendant ROMArch, Inc. by its agents and employees acting within the scope of their regular employment, negligently placed the placards or floor covers directly in front of hallway elevators, creating a

risk that a person alighting from the elevator would take his or her first step upon the slippery placard or floor cover.

12. At all relevant times and for all purposes of this First Amended Complaint, defendant ROMArch, Inc. was a contractor or sub-contractor of and/or with defendant Millennium working on the refurbishing of the corridor wherein plaintiff was injured, including in the period in 2004 prior to July 21, 2004. Defendant ROMArch, Inc. and its employees and agent performed the corridor refurbishing work in a negligent manner by positioning floor coverings, placards, rugs, drop cloths, or other forms of floor covering without securing same and without making them safe for foot traffic, including when a person alighting from a hallway elevator took his or her first step onto the hallway floor after the elevator door opened.

13. Defendant ROMArch, Inc. was not in 2004 and at other relevant times for this Second Amended Complaint, insured or bonded. Defendant ROMArch, Inc. is presently inactive.

<u>Defendant Guerra Individually</u>

14. Defendant Fausto Romero Guerra is an adult citizen of Maryland and is and was the principal promoter, organizer, incorporator, officer, and director of defendant ROMArch, Inc., and was also its principal employee. Defendant

ROMArch, Inc. and defendant Guerra have not complied with all ongoing reporting and winding up formalities for ROMArch, Inc. before the Corporation Division of the State of Maryland. Defendant Guerra personally and individually did the corridor refurbishing work at the Ritz Carlton condominiums; and this defendant Guerra negligently positioned the unsafe floor coverings immediately outside the penthouse elevator doors on or before July 21, 2004 and took no safeguards or warnings to abate this hazard, which proximately caused plaintiff's injuries.

15. On July 21, 2004, at approximately 4:00 p.m., plaintiff Piatti lawfully was within defendants' premises in the District of Columbia when plaintiff stepped out of a common area elevator onto a common area hallway on his destination penthouse one level of the Ritz Carleton Condominium. As he stepped out of the elevator as it arrived at the destination floor, plaintiff, without warning or last clear chance to avoid, suddenly encountered placards or other materials negligently placed adjacent to and upon the immediate walkway outside the elevator doors. These placards or other materials were intended by all defendants to protect the floor from mechanical equipment, but the placards or other materials were extremely unstable, unsafe, and slippery for pedestrian traffic.

16. Without contributory negligence and without assumption of risk, plaintiff Piatti was caused to slip and fall to the floor by the negligently positioned placards or other floor covering materials , which were not suitable or safe for pedestrian traffic upon the walkways immediately adjacent to the elevator doors. The placards or other materials constituted a hazard immediately adjacent to the elevators, with trap-door effect for persons stepping out of the elevator. As a proximate and direct result of the slip and fall caused by all defendants' negligence, plaintiff suffered serious bodily injury and damages, required extensive medical treatment and care, including having to undergo three surgeries, and incurred large medical and hospital expenses.  All of plaintiff's injuries and damages are permanent and continuing, including permanent partial impairments of the lower and upper extremities.

17. At all relevant times each defendant, individually and jointly and severally, was under a duty of reasonable care; building code compliance; elevator safety; construction and interior refurbishing safety; habitability; property manager safety; common area safety; general contractor safety amidst a refurbishing in an occupied residential building; and other standards of care and safety, each and every one of which was violated by the individual and joint and several negligence of defendant Millennium; defendant Unit Owners

Association; defendant ROMArch, Inc.; and defendant Guerra individually as pleaded above.

18. Defendants had no safety plan for corridor refurbishing in an occupied high-rise, multiple-family residence, and provided no warning of the walking hazard. Plaintiff Piatti received no notice of the walking hazard such that Piatti could avoid or have a last clear chance to avoid the hazard. Plaintiff was not contributorily negligent, and plaintiff did not assume an objectively or subjectively known risk.

19. Defendants' individual and joint and several negligence also constituted an unsafe construction workplace under District of Columbia law, making defendant liable for injury to a non-worker such as plaintiff who foreseeably encountered the unsafe workplace and suffered personal injury as a proximate result.

20. Each and every defendant had sufficient prior notice of the hazard created by the placement of slippery floor covering materials on the common area hallway immediately outside the elevator to abate and reduce the hazard, but no defendant so acted.

<u>Count 1: Premises Negligence; Individual and Joint and Several Liability</u>

21. Paragraphs 1 through and including 20 are incorporated by

negligence.

22. Defendants Millennium; Unit Owners Association; ROMArch, Inc.; and Guerra are individually and jointly and severally liable in negligence to plaintiff, and this plaintiff demands judgment against these defendants, individually, and jointly and severally, in the amount of $2 million in compensatory damages, plus pre-judgment interest and costs, owing to plaintiff's incurring bodily injuries, massive medical and hospital bills, multiple surgeries, permanent partial total disabilities of his lower extremities with compensated and proximately related to disabilities of his upper extremities, loss of vocational capacity, plan, suffering and inconvenience, and other damages. All of plaintiff's injuries and damages were proximately due to and caused by defendants' negligence.

Count 2: Liability of Common Area Owner Unit Owners Association

23. Paragraphs 1 through and including 22 are incorporated by reference.

24. Owing to its non-delegable duties as fee owner of the common area wherein plaintiff was injured, defendant Unit Owners Association is liable in negligence to plaintiff. Plaintiff demands judgment against defendant Unit Owners Association in the amount of $2 million in compensatory damages, plus pre-judgment interest and interest.

## Request for Trial by Jury

25. Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

\_\_\_\_\_/S/_____
John S. Lopatto III, Member Bar U.S. District Court
1725 Eye St., N.W., Suite 300
Washington, D.C. 20006
202-861-5800 (Va. Office: 703-548-8254)
Fax to all offices: 202-861-5802
jlopatto3@aol.com
Attorney for Plaintiff